## APPEAL OF THE KOLYNOS CO.

Docket No. 4130.   Decided July 29, 1926.

The petitioner and Kolynos, Inc., were affiliated during the fiscal years ended August 31, 1917, 1918, and 1919, respectively.

*K. N. Parkinson, Esq.*, and *S. C. Morehouse, Esq.*, for the petitioner.
*E. C. Lake, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

### FINDINGS OF FACT.

1. The petitioner is a Connecticut corporation organized in 1908 to manufacture and sell Kolynos dental cream. The formula for this preparation was developed by Newell S. Jenkins, who had been a successful practitioner of dentistry in Europe and the United States since about the year 1866.

2. The organizers and original stockholders of the petitioner were Newell S. Jenkins; his wife, Clara Elizabeth Jenkins; his son, Leonard A. Jenkins; Calvert Townley, Henry E. Hosley, and Herbert W. Carter, who were close friends of the Jenkins family, and Klewe & Co., Inc., a corporation of which Newell S. Jenkins was the only beneficial owner of stock. The stock originally allotted to this corporation was all transferred to Newell S. Jenkins and Leonard A. Jenkins in 1910.

3. In 1911 the stockholders of the Kolynos Co. organized Kolynos, Inc., under the laws of Connecticut, for the sole purpose of distributing Kolynos products outside of continental North America, and especially within Great Britain and her dependencies. On account of the exigencies of the World War the two companies established a factory in Great Britain for the manufacture of their products.

4. In the years 1917, 1918, and 1920, the stock of the two corporations was owned and held as follows:

| | Kolynos, Inc. | The Kolynos Co. |
|---|---|---|
| **1917.** | *Per cent* | *Per cent* |
| Newell S. Jenkins | 40. | 40. |
| Leonard A. Jenkins | 5.1 | 10. |
| Clara E. Jenkins | 6. | 2. |
| Henry E. Hosley | 15.1 | 30. |
| Calvert Townley | 10. | 8. |
| Herbert W. Carter | 9.1 | 10. |
| James D. Lockhead | 2.7 | |
| Charles S. DeForest | 8. | |
| William E. Gilbert | 4. | |
| | 100. | 100. |
| **1918** | | |
| Newell S. Jenkins | 40. | 41.3 |
| Leonard A. Jenkins | 5.1 | 10.5 |
| Clara E. Jenkins | 6. | 2.1 |
| Henry E. Hosley | 15.1 | 31.1 |
| Calvert Townley | 10. | 10. |
| Herbert W. Carter | 9.1 | |
| James D. Lockhead | 2.7 | 1.8 |
| Charles S. DeForest | 8. | 1.8 |
| William E. Gilbert | 4. | 1.4 |
| | 100. | 100. |
| **1920.** | | |
| Newell S. Jenkins | 40. | 41.3 |
| Leonard A. Jenkins | 5.1 | 10.5 |
| Clara E. Jenkins | 6. | 2.1 |
| Henry E. Hosley | 15.1 | 31.1 |
| Calvert Townley | 1. | 2.6 |
| Clifford C. Townley | 4.5 | 3.7 |
| Donald C. Townley | 4.5 | 3.7 |
| James D. Lockhead | 2.7 | 1.8 |
| Charles S. DeForest | 8. | 1.8 |
| William E. Gilbert | 4. | 1.4 |
| Edith J. Carter | 9.1 | |
| | 100. | 100. |

5. James D. Lockhead was manager of the New York office of the petitioner; William E. Gilbert was a close friend of the Jenkins family; Clifford C. and Donald C. Townley are sons of Calvert Townley, to whom their father gave the stock standing in their names, with the verbal understanding that he retained the right to vote and sell the same; Edith J. Carter is the widow of Herbert J. Carter, an original incorporator of each company, from whom she inherited her shares in both concerns. Financial necessity forced Mrs. Carter to sell her shares in The Kolynos Co. to other shareholders of that corporation.

6. Kolynos, Inc., was organized and, until its absorption by the parent company subsequent to the taxable year, was always conducted as a subsidiary of The Kolynos Co. Except as indicated above, the stockholders of the two corporations were identical in the year involved in this appeal. They had the same officers and were operated as a single business unit. The parent company directly, or by the stock subscription of its shareholders, financed all the operations of the subsidiary and at all times, from 1911 to 1922, exercised complete control over it. No dissenting vote was ever cast at any of the directors' or stockholders' meetings of the company.

7. The petitioner made a separate income and profits-tax return for its fiscal year ended August 31, 1917, but thereafter filed a consolidated return for both corporations. It made a similar consolidated return for its fiscal year ended August 31, 1918. The Commissioner allowed affiliation for both such years, and settlement of taxes was so made. In September, 1924, after the statute of limitations contained in section 250(d) of the Revenue Act of 1918 had run, the Commissioner reaudited the returns for the fiscal years ended August 31, 1917 and 1918, and held that the companies were not entitled to file a consolidated return for either of such years. He thereupon determined deficiencies for each year in the amounts that would have been due the Government if the statute had not run against their collection, and deducted such amounts from the invested capital of the petitioner for the year 1920.

OPINION.

LANSDON: The two issues in this proceeding are: (1) Whether the petitioner and Kolynos, Inc., were entitled to make consolidated returns for the fiscal year ended August 31, 1920; and (2) whether the Commissioner erred in reducing the invested capital of The Kolynos Co. for the fiscal year ended August 31, 1920, in the amounts which he determined should have been paid as income and profits taxes for the fiscal years ended August 31, 1917 and 1918.

The facts are not in dispute. After the incorporation of Kolynos, Inc., the two corporations were closely associated and operated as

a single business. The officials and directors of the two were the same persons. Except as disclosed in the findings of fact, above, the stockholders were the same. The shareholders who owned stock in one and not in the other were closely drawn together by ties of blood, friendship, and interest. We are of the opinion that during the fiscal years 1917, 1918, and 1920, respectively, The Kolynos Co. and Kolynos, Inc., met all the conditions required as a basis for affiliation by section 240(b) of the Revenue Act of 1918 and section 1331 (a) and (b) of the Revenue Act of 1921, and were entitled to file consolidated returns for each of such years. *Appeal of Midland Refining Co.,* 2 B. T. A. 292; *Appeal of Isse Koch & Co.,* 1 B. T. A. 624; *Appeal of Stanley Insulating Co.,* 2 B. T. A. 967; *Appeal of Jordan Marsh Co.,* 3 B. T. A. 553.

Having determined that the petitioner and Kolynos, Inc., were entitled to make consolidated returns for the fiscal years ended, respectively, at August 31, 1917 and 1918, it follows that the additional taxes asserted by the Commissioner were erroneously determined, and that the amount of such taxes may not be deducted from the invested capital of the taxpayer for the fiscal year ended August 31, 1920.

> *Order of redetermination will be entered on 10 days' notice, under Rule 50.*