*522 OPINION.
Lansdon:
The two issues in this proceeding are: (1) Whether the petitioner and Kolynos, Inc., were entitled to make consolidated returns for the fiscal year ended August 31, 1920; and (2) whether the Commissioner erred in reducing the invested capital of The Kolynos Co. for the fiscal year ended August 31,1920, in the amounts which he determined should have been paid as income and profits taxes for the fiscal years ended August 31, 1917 and 1918.
The facts are not in dispute. After the incorporation of Kolynos, Inc., the two corporations were closely associated and operated as *523 a single business. The officials and directors of the two were the same persons. Except as disclosed in the findings of fact, above, the stockholders were, the same. The shareholders who owned stock in one and not in the other were closely drawn together by ties of blood, friendship, and interest. We are of the opinion that during the fiscal years 1917, 1918, and 1920, respectively, The Kolynos Co. and Kolynos, Inc., met all' the conditions required as a basis for affiliation by section 240(b) of the Revenue Act of 1918 and section 1331 (a) and (b) of the Revenue Act of 1921, and were entitled to file consolidated returns for each of such years.- Appeal of Midland Refining Co., 2 B. T. A. 292; Appeal of Isse Koch & Co., 1 B. T. A. 624; Appeal of Stanley Insulating Co., 2 B. T. A. 967; Appeal of Jordan Marsh Co., 3 B. T. A. 553.
Having determined that the petitioner and Kolynos, Inc., were entitled to make consolidated returns for the fiscal years ended, respectively, at August 31,1917 and 1918, it follows that the additional taxes asserted by the Commissioner were erroneously determined, and that the amount of such taxes may not be deducted from the invested capital of the taxpayer for the fiscal year ended August 81, 1920.

Order of redetermination will be entered on 10 days' notice, under Rule 50.